NO. 07-03-0060-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 5, 2003

_____

JONATHAN RAY GRIFFIN, SR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;

NO. TRN 9062308767; HONORABLE LEONARD GIBLIN, JUDGE
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

ON ABATEMENT AND REMAND

The court reporter for the 252nd Judicial District Court of Jefferson County has requested a fourth extension of the deadline by which the reporter's record is to be filed in this cause. The record initially was due on January 17, 2003, and the reporter sought an extension of 120 days. We extended the deadline to May 30, 2003, per the request. Upon our receiving another request for an extension, the deadline was postponed to July

29, 2003. Thereafter, the reporter was given another extension until August 26, 2003. Now, an additional 60 days is sought, even though we informed the reporter when granting the last extension that no further postponements would be granted. To date, the reporter has had approximately eight months to complete the reporter's record, and has been granted approximately seven months worth of extensions. Furthermore, the justification posed for each extension involved the press of business; that is, the reporter represented to this court that the record comprised of some 3500 pages and that she has been in trial on almost a weekly basis since the beginning of the year.

Accordingly, we now abate this appeal and remand the cause to the 252nd District Court of Jefferson County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether the appellant timely requested a reporter's record,

2. whether the appellant is indigent and entitled to a free appellate record,

3. if the appellant is not indigent or entitled to a free appellate record, whether the appellant has paid for the record or made satisfactory arrangements with the reporter for the payment of the reporter's record,

4. whether any portion of the court reporter's notes and records have been lost or destroyed and whether the delay in transcribing the notes and records has effectively resulted in the loss or destruction of any portion of the reporter's notes or records or the reporter's record itself (*see* Tex. R. App. P. 34.6(f));

5. if any portion of the reporter's notes or records are lost, whether the loss occurred due to any fault of the appellant, whether the lost items are necessary to the appeal's resolution, and whether the parties can agree on a complete reporter's record,

6. the extent to which the appellant has been harmed and will be harmed by the delay in preparing and filing of the reporter's record;

7. the reason or reasons for the delay in the preparation and filing of the reporter's record;

8. the date on which the reporter's record reasonably can be completed, and,

9. whether the reporter's record can be completed within a reasonable time without the appointment of an associate or deputy reporter to assist the court reporter.

The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings of fact addressing the foregoing issues, 2) cause to be developed a supplemental clerk's record containing the findings of fact and all orders it may issue as a result of its hearing on this matter, and 3) cause to be developed a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing. Additionally, the district court shall then file the supplemental record with the clerk of this court on or before September 30, 2003. Should further time be needed by the trial court to perform these tasks, then same must be requested before September 30, 2003.

It is so ordered.

Per Curiam

Do not publish.

3